IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **VICKI PIONTEK,** | * | |
| *Plaintiff,* | * | |
| vs. | * | Civl Action No.: 11-1545 |
| **ATM ENTERPRISES, INC.** | * | |
| 61 Jones Falls Terrace | | |
| Baltimore, Maryland 21209 | * | |
| Serve on: | * | |
| Ronald Gerstley | * | |
| 61 Jones Falls Terrace | | |
| Baltimore, Maryland 21209 | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Vicki Piontek ("Plaintiff") hereby alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action against ATM Enterprises, Inc., alleging a violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.,* and its implementing regulations 12 C.F.R. § 205, *et seq.* (hereinafter referred to collectively as the "EFTA").

2. The Congressional findings and declaration of purpose regarding the EFTA are as follows:

1

    (a)    Rights and liabilities undefined

The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers. However, due to the unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial institutions, and intermediaries in electronic fund transfers undefined.

    (b)    Purposes

It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems. The primary objective of this subchapter, however, is the provision of individual consumer rights.

15 U.S.C. § 1693.

    3.    Among other things, the EFTA imposes certain disclosure requirements upon operators of automated teller machines ("ATMs").

    4.    15 U.S.C. § 1693b(d)(3)(A) requires any ATM operator who imposes fees on consumers in connection with electronic fund transfers to provide notice of the fact that the fee is being imposed and the amount of the fee.[1]

    5.    15 U.S.C. § 1693(d)(3)(B) identifies the location where the required notice must be posted as follows:

    (B)    Notice requirements

---

[1] "Electronic fund transfer" is defined as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone . . . ." 15 U.S.C. § 1693a(6).

      (i)      On the machine

      The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

      (ii)      On the screen

      The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction . . . .

6.      The relevant implementing regulation, 12 C.F.R. § 205.16(c), reinforces EFTA's statutory posting requirement, mandating that the mandatory fee notice: 1) be posted in a "prominent and conspicuous location" on or at the ATM machine; <u>and</u>, 2) "on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying the fee." 12 C.F.R. § 205.16(c)(1) and (2).

7.      15 U.S.C. § 1693(d)(3)(C), and its implementing regulation, 12 C.F.R. 205.16(e), prohibit ATM operators from imposing a fee on a consumer unless EFTA's notice and posting requirements are followed by the ATM operator.

8.      Specifically, 15 U.S.C. § 1693b(d)(3)(C) states, in relevant part:

(C)      Prohibition on fees not properly disclosed and explicitly assumed by the consumer.

      No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless—

        (i)       The consumer receives such notice in accordance with subparagraph (B) . . . .

9. In connection with the 2006 amendments to the EFTA, the Board of Governors of the Federal Reserve published its Final Rule and official staff interpretation which, *inter alia*, explained the EFTA's disclosure requirements as follows:

> The final rule clarifies the two-part disclosure scheme established in Section 904(d)(3)(B) of the EFTA. The first disclosure, on ATM signage posted on or at the ATM, allows consumers to identify quickly ATMs that generally charge a fee for use. This disclosure is not intended to provide a complete disclosure of the fees associated with the particular type of transaction the consumer seeks to conduct. Until a consumer uses his or her card at an ATM, the ATM operator does not know whether a surcharge will be imposed for that particular consumer. Rather it is the second, more specific disclosure, made either on the ATM screen or on an ATM receipt, that informs the consumer before he or she is committed to the transaction whether, in fact, a fee will be imposed for the transaction and the amount of the fee . . . .

71 F.R. 1638, 1656.

10. Finally, in order to be "properly disclosed," the content of the notice provided to consumers must be "clear and readily understandable." To be clear and readily understandable the content of the notice must be accurate, and any fee disclosed in the notice must accurately reflect the fee that will be charged in the transaction.

11. Inaccuracies between the notice posted on the exterior of the ATM and the on-screen notice constitute an improper fee notice and a violation of 15 U.S.C. § 1693b(d)(3). In situations whether there is a discrepancy in the fee amounts disclosed, the notice is not clear and readily understandable as is required by 12 C.F.R. § 205.9 and 12

C.F.R. § 205.16.

12. The EFTA imposes strict liability upon ATM operators that fail to comply with its disclosure requirements. *See, e.g., Flores v. Diamond Bank,* 2008 WL 4861511, *1 (N.D. Ill. Nov. 7, 2008)(Hibbler, J.)("Among the protections afforded to consumers is the right to receive notice from ATM operator of the existence and amount of any fee that operator might impose on consumers for conducting transactions at the ATM. 15 U.S.C. § 1693b(d)(3). This requires the ATM operator to place notice both on the machine itself and upon the ATM screen. 15 U.S.C. § 1693b(d)(3)(B)"). A plaintiff seeking statutory damages under the EFTA need not prove that he or she has sustained any actual financial loss, or that he or she relied upon the lack of mandatory disclosure as an inducement to enter into the transaction. *Burns v. First American Bank*, 2006 WL 3754820, *6 (N.D. Ill. Dec. 19 2006) ("Section 1693b(d)(3) prohibits an ATM operator from charging a fee unless it provides notice of its fee on the machine and on the screen, period, no mention of a necessary scienter.")

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1693, *et seq.*

14. Plaintiff's claim asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

15. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and

omissions giving rise to the claims occurred.

## PARTIES

16. Plaintiff Vicki Piontek is a consumer.

17. Defendant ATM Enterprises, Inc. is a domestic corporation established in 1997.

18. Defendant ATM Enterprises, Inc. is an automated teller machine operator, as that term is defined by 12 C.F.R. § 205.16(a), which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which the inquiry is made.

## FACTS RELATED TO PLAINTIFFS' TRANSACTION

19. On January 28, 2011, Plaintiff Vicki Piontek made an electronic fund transfer at an ATM operated by Defendant at the "Harford Shell" gasoline station, located at 9200 Harford Road, Parkville, Maryland. *See* **Exhibit 1**.

20. At the time of the above-described electronic transaction, Defendant was acting as an "automated teller machine operator" that operated the automated teller machine at which Plaintiff initiated an electronic fund transfer or a balance inquiry and that did not hold the account to or from which the transfer was made.

21. Defendant charged Plaintiff an "Terminal Fee" of $2.25 in connection with the above-described transaction. *See* **Exhibit 1**.

22. However, at the time of the above-described transaction, there was no

notice posted "on or at" the ATM operated by Defendant apprising consumers that a fee of $2.25 would be charged for use of the ATM.  Rather, there was a "Fee Notice," located on or at the ATM that indicated that "ATM Express, Inc. charges a $2.00 fee to cardholders for Financial Transactions." *See* **Exhibit 2**.

23. Because Defendant did not post an accurate fee notice on or at the ATM, the content of the notice provided to consumers was not "clear and readily understandable."

24. Because Defendant did not post an accurate fee notice as required by EFTA and its implementing regulations, it was not permitted to charge any usage fee to Plaintiff.

### **COUNT I**

25. 15 U.S.C. § 1693b(d)(3)(A) provides that as a prerequisite to imposition of a usage fee upon a consumer for host transfer services, an automated teller machine operator must provide notice to the consumer consistent with subparagraph (B) of that statutory section.

26. Subparagraph (B) of 15 U.S.C. § 1693(d)(3) provides in relevant part:

> (B) Notice requirements
>
>> (iii)   On the machine
>
> The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

27. EFTA's implementing regulations require that the content of the notice

7

placed on or at the ATM machine must be clear and readily understandable and, as such, requires that the content of the notice be accurate.

28. Subparagraph (c) of 15 U.S.C. § 1693b(d)(3) states, in relevant part:

(C) Prohibition on fees not properly disclosed and explicitly assumed by the consumer.

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless—

(i) The consumer receives such notice in accordance with subparagraph (B) . . . .

29. EFTA's statutory notice requirements are reinforced by the implementing regulations set forth at 12 C.F.R. § 205.16.

30. Defendant violated the notice requirements of EFTA in connection with providing host transfer services to Plaintiff.

31. Defendant was prohibited from imposing any usage fee or similar fee for providing host transfer services because it failed to comply with EFTA's notice requirements.

32. 15 U.S.C. § 1693m provides that a Defendant shall be liable to Plaintiff for violations of 15 U.S.C. § 1693, *et seq.,* in the amount of, *inter alia,* statutory damages to be determined by the court, the costs of this action and reasonable attorneys' fees.

33. On November 27, 2009, the Federal Deposit Insurance Corporation ("FDIC") issued Financial Institution Letter 66-2009 reiterating the fact that the EFTA requires ATM operators to post ATM fee notices both (a) in a prominent and conspicuous

location on or at the automated teller machine, and (b) on the screen or on paper before the consumer is committed to paying a fee. The letter also noted that the FDIC had first notified FDIC-supervised banks of these requirements in a Financial Institution Letter dated March 23, 2001 (FIL-25-2001).

34. By way of this action, Plaintiff seeks the imposition of statutory damages, costs of suit and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

1. An award to Plaintiff of statutory damages of $1,000.00;

2. Payment of costs of suit; and,

3. Payment of reasonable attorneys' fees pursuant to the statute.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated: June 8, 2011,                    Respectfully Submitted,


      */s/ E. David Hoskins*
E. David Hoskins, Bar No. 6705
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Ste. 362
Baltimore, Maryland 21210
(410) 662-6500 (Tel.)
(410) 662-7800 (Fax)
[dhoskins@hoskinslaw.com](mailto:dhoskins@hoskinslaw.com)